UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

LLS AMERICA, LLC,

Debtor,

BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,

Plaintiff,

v.

WILLIAM HANES, et al.,

Defendants.

NO: CV-11-357-RMP

Bankr. Case No. 09-06194-PCW11 (Consolidated Case)

Adv. Proc. No. 11-80299-PCW11

ORDER ADOPTING THE BANKRUPTY COURT'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable Patricia C. Williams, Bankruptcy Judge. The Report and Recommendation is filed as ECF No. 378 in bankruptcy adversary number 11-80299. The Court has reviewed the Report and Recommendation, the erratum, the

objections, the motion for summary judgment, the evidence filed in support and opposition to summary judgment, including the affidavits of Doris Nelson and Marie Rice, the opposition papers, and all other materials connected to the motion for summary judgment. The Court also has reviewed the Bankruptcy Court's order striking Ms. Rice's declaration and the order striking Ms. Nelson's declaration in part.

## DISCUSSION

The Ninth Circuit recently issued its opinion in *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Insurance Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012). In that case, the Ninth Circuit approved of treating core proceedings for which bankruptcy courts lacked jurisdiction to enter final judgment as non-core proceedings. *Id.* at 566. Accordingly, bankruptcy courts may hear such claims and enter proposed findings of fact and conclusions of law for review in the district court. *Id.* Those portions of the findings to which there are objections are subject to de novo review in the district court. Fed. R. Bank. P. 9033(d).

In this case, the Bankruptcy Court entered its report and recommendation on a motion for summary judgment. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex*, 477 U.S. at 327.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party must demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). At summary judgment, the court draws all reasonable inferences in favor of the nonmoving party. *Dzung Chu v. Oracle Corp.* (*In re Oracle Corp. Secs. Litig.*), 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The evidence presented by both the moving and non-moving parties must be admissible. Fed. R. Civ. P. 56(e). The court will not presume missing facts, and non-specific facts in

affidavits are not sufficient to support or undermine a claim. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

The Court received two timely objections. ECF Nos. 394, 395 in 11-80229. Defendants Gerald and Katherine Brown objected on the grounds that the Bankruptcy Court impermissibly disregarded the declarations of Doris Nelson and Marie Rice.[1] The second objection was brought by Attorney Dillon Jackson on behalf of a large subset of Defendants. Mr. Jackson challenges the Court's finding that Ms. Nelson's testimony fails to create an issue of material fact for the jury.

**Declaration of Marie Rice**

Evidence filed in support of a summary judgment motion must be admissible. *See* Fed. R. Civ. P. 56. Expert testimony is governed by Federal Rule of Evidence 702 which reads:

---

[1]The Browns also objected on the basis that this Court (and the Bankruptcy Court) lack personal jurisdiction over them. As the motion for summary judgment is only a motion for partial summary judgment, and the motion is targeted to issues common to all parties, the Court declines to address Defendants' argument because it does not impact the Court's determination of the questions raised in the summary judgment motion or the Bankruptcy Court's Report and Recommendation.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert*, the Supreme Court held that "Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony ... is not only relevant, but reliable.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert*, 509 U.S. at 589). In making this determination, the judge must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert I*, 509 U.S. at 592-93.

The court is to conduct a "holistic" analysis of the expert's testimony. *See United States v. W.R. Grace*, 504 F.3d 745, 762 (9th Cir. 2007). The court should review the expert's opinion testimony for "overall sufficiency of the underlying

facts and data, and the reliability of the methods, as well as the fit of the methods to the facts of the case." *W.R. Grace*, 504 F.3d at 765. When there is too great an analytical gap between the data and the opinion proffered, the trial court may properly exclude the testimony as unreliable. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). The proponent of expert testimony has the burden of establishing that the admissibility requirements are met by a preponderance of the evidence. Fed. R. Evid. 104, 702 advisory committee's note.

In her declaration, Ms. Rice concludes that Plaintiff's financial experts did not have sufficient, reliable information to conclude that the Debtor was operating a Ponzi scheme. In its order striking Ms. Rice's deposition, the Bankruptcy Court relied on the fact that Ms. Rice never reviewed the information possessed by the experts. The record bears this out. Ms. Rice reviewed the declarations of Plaintiff's three experts: Charles B. Hall, Michael Quackenbush, and Dan Harper. Ms. Rice also reviewed Ms. Nelson's affidavit, Plaintiff's statement of undisputed facts, two articles, 10-K forms for four payday loan shops, and some estimated financial statements for the Debtor. However, there is no evidence that Ms. Rice actually reviewed the information upon which Msrs. Hall, Quackenbush, and Harper relied.

In contrast, Mr. Hall reviewed the actual business records of the business entities that comprise the Debtor. Mr. Quackenbush reviewed voluminous records

of bank accounts and investment transactions. Mr. Harper reviewed, among other things, the Debtor's financial ledgers, emails, Ms. Nelson's personal records, and reconstructed records produced by other experts.

Rule 702 requires expert opinions to be based on sufficient facts or data. Ms. Rice's opinion that Mr. Hall, Mr. Harper, and Mr. Quackenbush's opinions were inaccurate because they relied on incomplete data is not supportable because Ms. Rice had insufficient data to support such a conclusion. Ms. Rice simply does not know the contents of the records reviewed by Plaintiff's experts because she never read them. This Court agrees with the Bankruptcy Court, and overrules the Browns' objection to the Bankruptcy Court's decision to exclude Ms. Rice's testimony. Accordingly, the Bankruptcy Court was correct in its decision to disregard Ms. Rice's testimony when ruling on the motion for summary judgment.

**Affidavit of Doris Nelson**

The parties make two arguments in support of their challenge to the Bankruptcy Court's handling of Ms. Nelson's affidavit. The Browns argue that the Bankruptcy Court erred because its basis for discounting Ms. Nelson's opinion is not supported by law. Specifically, the Browns assert that an affidavit should not be disregarded for being "unsupported and self-serving" because that "goes to the weight and credibility of" the affiant, not to the admissibility of the affidavit. The Browns do not cite any authority for this proposition. The Ninth Circuit, however,

regularly has held that affidavits that are unsupported by specific facts cannot create a genuine issue of material fact. *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (citing *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993)). Accordingly, the Browns' objection is simply unsupported by the law.

Mr. Jackson's objection to the rejection of some of Ms. Nelson's affidavit is that Ms. Nelson's affidavit creates an issue of fact because it rebuts the presumption of intentional fraud created by the existence of a Ponzi scheme. Mr. Jackson argues that "[a]lthough a presumption of intent to defraud arises where a Ponzi scheme exists, proof of a lack of fraudulent intent rebuts the Ponzi presumption." Mr. Jackson cites no authority in support of this statement.

The Ninth Circuit consistently has held that the existence of a Ponzi scheme establishes intentional fraud. *Donell v. Kowell*¸ 533 F.3d 762, 770(9th Cir. 2008); *In re AFI Holding*, 525 F.3d 700, 704 (9th Cir. 2008) ("'[T]he mere existence of a Ponzi scheme' is sufficient to establish actual intent under [11 U.S.C. § 548(a)(1)] or a state's equivalent to that section.") (quoting *In re Agric. Research and Tech. Grp., Inc.*, 916 F.2d 528, 534 (1990)). Plaintiff's expert materials establish that there is no genuine issue of material fact as to the existence of the Ponzi scheme. Accordingly, pursuant to Ninth Circuit precedent, actual fraud exists under both state and federal law.

The state-law relied upon by Defendants is unpersuasive. The *Sedwick v. Gwinn*, 73 Wn. App. 879 (1994), case does not involve a Ponzi scheme. Instead, the case involves a series of loans and collateral agreements. *Id.* at 883-84. It is the nature of a Ponzi scheme that gives rise to the finding of intentional fraud. Accordingly, *Sedwick* is inapposite.

The Court has reviewed the Report and Recommendation and the record in this case. Being in complete agreement with the Report and Recommendation, as modified by the erratum, **IT IS HEREBY ORDERED** that he Report and Recommendation, as modified by the erratum, is **ADOPTED IN ITS ENTIRETY**.

**IT IS SO ORDERED**.

The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel and to any pro se defendants.

**DATED** this 19th day of August 2013.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge