UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC,<br><br>                              Debtor,<br><br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>MARK BIGELOW, et al.,<br><br>                              Defendants. | NO:  CV-11-357-RMP<br><br>Bankr. Case No. 09-06194-PCW11 (Consolidated Case)<br><br>Adv. Proc. No. 11-80299-PCW11<br><br>ORDER SETTING ASIDE DEFAULT |

Before the Court is Defendant Dale Laviolette's Motion to Set Aside the Amended Order of Default, ECF No. 113, and the Bankruptcy Court's related Report and Recommendation regarding entry of default judgment against Defendant, ECF No. 124.  The Court has reviewed the filings and is fully informed.

ORDER SETTING ASIDE DEFAULT ~ 1

In response to Plaintiff's summons and complaint, Defendant's accountant filed a letter to the Bankruptcy Court at Defendant's request. ECF No. 113-1 at 1. Defendant stopped accepting mail from Plaintiff's attorneys, in an alleged attempt to prompt the attorneys to call him directly. ECF No. 123-1 at 2. The Bankruptcy Court entered an order of default against Defendant on October 9, 2013, based on Plaintiff's assertion that Defendant had not answered its complaint. Bankruptcy Court Docket 11-80299-FPC, ECF No. 564.

Plaintiff alleges that because the letter was not filed by an attorney or by Defendant himself, it does not constitute a valid answer. ECF No. 121 at 4-5. Plaintiff asserts that default judgment is appropriate.

The Federal Rules provide that a "court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation omitted). However, default judgment "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

The Court finds good cause to set aside the Bankruptcy Court's entry of default. Although Defendant did not personally draft the letter filed in response to Plaintiff's complaint, he explains that he is representing himself and that he needed his accountant's assistance due to his own limited typing ability. ECF No. 125 at 1.

Plaintiff also contends that Defendant's refusal of mail from Plaintiff constituted culpable conduct, ECF No. 127 at 3, but it was the erroneous conclusion that Defendant failed to answer the complaint that resulted in default, not his refusal of mail sent by Plaintiff, Bankruptcy Court Docket 11-80299-FPC, ECF No. 564 at 2. The Court finds that Defendant's refusal of mail from Plaintiff is not relevant to the issue of default judgment. Therefore, the Court will not consider Defendant's conduct in this regard as culpable and barring setting aside the order of default.

Moreover, Defendant's statements seem consistent with the good faith defense alleged by many participants in this Ponzi scheme, such that Defendant may assert a potentially meritorious defense. Finally, any prejudice that Plaintiff will suffer from the Court setting aside default is not sufficient to warrant default judgment.

In sum, this is not an "extreme circumstance" that would justify default judgment, particularly in light of the Court's duty to construe pleadings of pro se

ORDER SETTING ASIDE DEFAULT ~ 3

litigants liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Set Aside the Amended Order of Default, **ECF No. 113**, is **GRANTED**.

2. The Bankruptcy Court's Report and Recommendation regarding entry of default judgment, **ECF No. 124**, is **REJECTED**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel and to Judge Frederick P. Corbit.

**DATED** this 24th day of December 2013.

       *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
       Chief United States District Court Judge